**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

STANLEY BURKE,
ADC #151700                                                                                                  PLAINTIFF

v.                                            1:16CV00113-BRW-JTK

GATEWOOD, et al.                                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Stanley Burke is a state inmate confined at the North Central Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging harassment due to his use of handicap aids and devices, HIPAA violations, and being forced to walk without means of his prescribed walker. (Doc. No. 2) By Order dated September 9, 2016 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, noting that claims of harassment and HIPAA violations failed to state a constitutional claim for relief, and that Plaintiff failed to allege improper actions by all the named Defendants, the Court provided Plaintiff with the opportunity to amend his complaint, noting that an Amended Complaint would render the original complaint without legal effect. (Id., pp. 3-4) Plaintiff has now filed an Amended Complaint (Doc. No. 5). Having reviewed such, the Court finds that it should be dismissed, for failure to state a claim upon which relief may be granted.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the

line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   Plaintiff alleges in his Amended Complaint that he suffered a detached retina during an incident in which a door slammed into a Gurney on which Plaintiff was being transported to the infirmary. (Doc. No. 5, p. 10) He states Defendant Downey was present, was "under 'tacit' authority of" Defendants Kelley, Williams, and Day, and that ADC security personnel were negligent in their duties while assisting the nurses with the Gurney.  (Id, pp. 9-10) He also claims Defendant Scott harassed him on a couple of occasions about Plaintiff wearing shower shoes and Defendant Spurlock harassed him when he forced him to walk through a metal detector without aid of his walker.  He does not allege any specific allegations against Defendants Gatewood and Tolar.

To the extent that he sues Defendants Kelley, Williams, Day, Gatewood, and Scott based on their "tacit" authorization of alleged improper actions, those allegations should be dismissed. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's  allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).  A supervisor incurs liability only when personally involved in the constitutional violation or when the  corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d  1370, 1376 (8th Cir. 1993).  In this case, Plaintiff does not allege any knowledge or personal involvement by these Defendants in any

incident involving unconstitutional actions or harm to the Plaintiff.

In addition, as noted in the September 9, 2016 Order, Plaintiff's allegations of harassment and HIPAA violations do not support constitutional claims for relief. See King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (where court held that general verbal threats do not support a constitutional claim); and Adams v. Eureka Fire Protection District, 352 Fed.Appx. 137 (8th Cir. 2009) (where the court held that HIPAA did not create a private right of action and cannot be privately enforced via a § 1983 action). And, not only does Plaintiff not allege any deliberate indifference actions by Defendant Downey with respect to the Gurney incident, but this incident already is the subject of another lawsuit in this Court. See Burke v. Kelley, 1:16CV00098-JLH-JJV. Finally, although Plaintiff claims Defendant Spurlock forced him to walk without his prescribed walker, he does not allege any other circumstances surrounding the incident, including that he suffered any damage.

Therefore, the Court finds that this case should be dismissed, for failure to state a claim upon which relief may be granted.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under

      3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

    IT IS SO RECOMMENDED this 28th day of September, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

imminent danger of serious physical injury.